McKAY, C.J.,
dissents with reasons.
hi respectfully dissent from the majority’s opinion affirming the trial court’s June 18, 2015 judgment. For the reasons that .follow, I find that the trial court erred in finding that NOLA Renewal Group (“NOLA”) did not acquire ownership of the property bearing municipal numbers 1835, 1837-39 Bienville Street in New Orleans.
Mr. Ferrari argued before- the trial court that the description of the property contained in the City’s Administrative Judgment and in NOLA’s affidavits was insufficient. It is important to note that Mr. Ferrari does not contend that he was misled by-the description provided for the property: Rather, he advances a technical argument, submitting that ’the -statute must be strictly construed.- The majority is correct in stating that La. R.S. 9:5633 requires strict compliance. However, I find that the statutory requirements were in fact met in this case.
*1254 Mr. Ferrari was provided notice through the Administrative Judgment that his property located at 1839 Bienville Street, District 2, Square 219 Lot 21 was declared blighted. It is undisputed that Mr. Ferrari owned only one piece of property in New Orleans, the Bienville Street property at issue herein. The record reflects that Lot 21-A containing the building and the Lot 22-B containing the vacant side yard were enclosed within the same chain-link fencing. Mr. Ferrari acknowledged at trial that the entire parcel of land was blighted. Thus, under the | ¿factual circumstances presented here, the property description provided in the Administrative Judgment was sufficient to identify the property and give proper notice to Mr. Ferrari that the entire parcel of land was declared blighted.
La. R.S. 9:5633(A) does not require that the possessor’s affidavit contain a full legal description. Rather, section (A)(2)(a) requires that the affidavit include “a short legal description of the immovable property intended to be possessed.” Here, NOLA’s Affidavit of Intent to Possess, while not including Lot 22-B, described the property as 1835, 1837-39 Bienville Street, District 2, Square 219, Lot 21 and referred to Mr. Ferrari by name as the owner. Moreover, in compliance with Section (A)(6) of the statute, NOLA’s recorded Affidavit of Possession included a mortgage certificate for the property containing a full legal description of 1835, 1837-39 Bienville Street, which included both lots.
Based on the evidence set forth in this record, I find that the property was sufficiently described to provide Mr. Ferrari with proper notice under the statute. Accordingly, I find that the trial court erred in ruling that NOLA did not acquire ownership of Lot 22-B.
LOMBARD, J.,
dissents.
hi respectfully dissent for the reasons assigned by Chief Judge McKay.